IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JUSTIN GEORGE JONES, | Cause No. CV 20-109-M-DLC |
| Petitioner, | |
| vs. | ORDER |
| WARDEN BLUDWORTH; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

On July 15, 2020, Petitioner Justin George Jones filed this action under 28 U.S.C. § 2254.[1] Jones is a state prisoner proceeding pro se. For the reasons set forth below, Jones' petition will be denied.

**I.     Motion for Leave to Proceed in Forma Pauperis**

Jones moves for leave to proceed in forma pauperis. (Doc. 2). Although he has not yet provided the requisite prisoner account statement, there is no reason to delay this matter further. The motion to proceed in forma pauperis will be granted.

**II.    28 U.S.C. § 2254 Petition**

The Court is required to screen all actions brought by prisoners who seek

---

[1] *See Houston v. Lack*, 487 U.S. 266 (1988) (pro se prisoner's document deemed filed at the time prisoner delivers it to prison authorities).

1

relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. Because Jones' claim is not cognizable in federal habeas, his petition will be denied.

In August of 2015, Jones' suspended sentence for Sexual Assault was revoked in Montana's Eleventh Judicial District Court, Flathead County. (Doc. 1 at 2-3.) At that same time, following a guilty plea, Jones also was convicted of a new count of Sexual Assault. *Id*. at 3.[2] Jones indicates he did not file a direct appeal, did not seek postconviction relief, and did not file a state habeas corpus petition. *Id*. at 3-4.

In his petition before this Court, Jones asserts he was denied credit for the time he served on supervision. *Id*. at 4, ¶ 13(A). Jones asks this Court to either award him credit for the time he served on supervision or state the reasons why the credit has been denied. *Id*. at 7, ¶ 16.

Federal habeas relief is available only for violations of the federal

---

[2] See also, Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/2085947/ (accessed August 4, 2020).

2

Constitution, laws, and treaties. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68, (1991) (federal habeas corpus relief does not lie for errors of state law). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989). Generally, challenges to a state's application of its own sentencing laws are not cognizable on federal habeas review. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (claim regarding a state's application of aggravating circumstances was not cognizable because it concerned an error of state law). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F. 3d 461, 469 (9th Cir. 1994). To state a cognizable federal habeas claim based on a claimed state sentencing error, a petitioner must show that the error was "so arbitrary or capricious as to constitute an independent due process" violation. *Richmond v. Lewis,* 506 U.S. 40, 50 (1992).

Jones' sole claim is that the state court incorrectly denied him credit for the time he served on probation prior to the revocation of his sentence. While there are other statutory hurdles that likely preclude relief, including statute of limitations and exhaustion and/or procedural default, they matter not at this juncture, because the claim Jones presents is not cognizable in federal habeas.

To the extent that Jones asks this Court to review the interpretation and application of a purported state sentencing error, such error is not a cognizable ground for relief in a federal habeas corpus proceeding. See, *Bradshaw v. Richey*, 546 U.D. 74, 76 (2005) (A state court's interpretation of state law is binding on a federal habeas court); *Hendricks v. Zenon,* 993 F. 2d 664, 674 (9th Cir. 1993) (claim exclusively concerned with state law not cognizable in federal habeas); *Mendez v. Small*, 298 F. 3d 1154, 1158 (9th Cir. 2002)("[a] state court has the last word on interpretation of state law")(citations omitted); *see also Estelle,* 502 U.S. at 67-68 ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Bonin v. Calderon*, 59 F. 3d 815, 841 (9th Cir. 1995) (violation of a "state law right does not warrant habeas corpus relief"); *Lewis v. Jeffers*, 497 U.S. 764, 789 (1990) ("Federal habeas corpus relief does not lie for errors of state law"); *Peltier v. Wright*, 15 F. 3d 860, 861-2 (9th Cir. 1994) (generally federal habeas corpus relief unavailable for errors of state law). Further, Jones has not made a showing the purported error that occurred in his case is "so arbitrary or capricious as to constitute an independent due process violation." *Lewis*, 497 U.S. at 780. At most, Jones has advanced what he believes to be an error of state law. While Jones may disagree with the state court's decision to deny him credit, under state law, for the time served on probation, such disagreement is does not create a viable federal constitutional

claim.

Finally, federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970)("lower federal courts possess no power whatever to sit in direct review of state court decisions"). It would be entirely inappropriate for this Court to review and/or modify the state sentence as suggested by Jones. For all of these reasons, the petition is denied.

## III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Jones has failed to make a substantial showing of a denial of a constitutional

right.  Additionally, because Jones' claim is not cognizable in federal habeas, jurists would find no basis to encourage further proceedings.  A certificate of appealability is denied.

Based on the foregoing, the Court enters the following:

## ORDER

1.  Jones' motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED.  The Clerk of Court shall waive payment of the filing fee.

2.  Jones' Petition (Doc. 1) is DENIED.

3.  The Clerk of Court is directed to enter judgment in favor of Respondents and against Petitioner.

4.  A certificate of appealability is DENIED.

DATED this 5th day of August, 2020.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge